**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MORTADA MEKI ABDALLA #A094-055-759** | **CASE NO. 1:26-CV-00809 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CARIDAD CEPHAS KIMBROUGH ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by *pro se* Petitioner Mortada Meki Abdalla ("Abdalla"). At the time of filing, Abdalla was an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.

According to the uncontested, sworn Declaration of Acting Assistant Field Office Director Justin Williams, Abdalla was deported on June 12, 2026. [Doc. 17-1].

An alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Accordingly, IT IS RECOMMENDED that the PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of

service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 9th day of July, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE